## Henry T. Glover v. Arthur R. Clark.

1. APPELLATE COURT PRACTICE—*Will Not Reverse to Allow Pleadings to be Reformed.*—The Appellate Court will not reverse a judgment merely for the purpose of allowing the pleadings to be reformed.

**Assumpsit.**—Appeal from the Circuit Court of Cook County: the Hon. EDMUND W. BURKE, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed February 13, 1902.

**Statement.**—Appellee and appellant had some joint interest in the profits of a real estate transaction. In consideration of the relinquishment of the rights of appellee therein on July 16, 1892, a contract was entered into by appellant and appellee which provided in effect:

(1) That Clark relinquishes all claim he might have to any interest in the profits which might be realized by Glover on account of the purchase he had made of the lot in question.

(2) That Glover agrees that in case he, either alone or with others, shall build upon the premises, he will use every honest endeavor to give the firm of Clark & Findlay (of which firm Clark was a member) the contract for mason and carpenter work on the building, provided

that they would do it on as good terms as other contractors who were pronounced by Holabird & Roche, architects, to be responsible contractors.

(3)   That should Glover decide to make a general contract for the erection of the building, he would give the contract to Clark & Findlay on certain terms.

(4)   That in case Glover shall not proceed to build within ninety days from the date hereof, he shall pay Clark $500 in full discharge of all claims upon said property and of the agreement.

(5)   That Holabird & Roche be full architects of the building, with all powers, etc., accorded by custom, ordinance or law, in Chicago.

(6)   That in case Holabird & Roche shall, for any reason, think it better for Glover's interest not to let any contract to Clark & Findlay, then Glover should pay Clark $500.

The *narr.* consisted of one special count upon the contract and the common counts.   The special count sets forth the making of the foregoing contract, and avers that Glover did not, within ninety days from the date of the contract, begin the erection of any building on the premises described therein, and that he did not, nor did the firm of Holabird & Roche, let to the firm of Clark & Findlay any contract or contracts as specified in said agreement, and that by the failure of the defendant to begin the erection of said building as aforesaid, he became liable to pay to the plaintiff the said sum of $500, by means whereof, etc.

Several special pleas were filed, in addition to the general issue.   The first plea is the general issue.   The second plea is a plea of want of consideration for the making of the contract sued upon.   The third plea avers that defendant, Glover, did proceed within ninety days from July 16, 1892 to build the building.   The fourth plea avers that Glover did proceed within ninety days from July 16, 1892, to build the building in question, and that defendant used every honest endeavor to give to the firm of Clark & Findlay the contract for the mason and carpenter work, but that they would not contract to do said work upon terms equally

favorable to defendant as were offered by other contract-
ors, who were pronounced responsible contractors by the
firm of Holabird & Roche, architects. The fifth plea avers
that defendant Glover decided to make a general contract
for the erection of the building, aside from the foundations,
with the full knowledge and consent of Clark, and that
defendant proceeded within ninety days from July 16,
1892, to build the building; that the firm of Clark & Find-
lay bid for the mason work so far as the same embraced
what was termed the foundation, but that they declined to
contract for the same upon terms equally favorable to the
defendant as those offered by one Meagher, who was pro-
nounced a responsible contractor by the firm of Holabird
& Roche; that the contract for so much of the mason work
was let to Meagher, with the knowledge and consent of
Clark; that bids were taken for all branches of the work
upon said building necessary in the construction thereof,
aside from the foundation, but that the firm of Clark &
Findlay declined to bid for the same, or any part thereof,
and declined to enter into a contract for the erection of the
same, in accordance with the terms and provisions of the
contract sued on.

The sixth plea avers that the defendant did proceed
within ninety days from July 16, 1892, to build the build-
ing in the contract and declaration mentioned, or within a
reasonable time thereafter, and with all due diligence; and
that any delays beyond the period of said ninety days in
proceeding to build said building were caused by plaintiff
Clark.

Issue was tendered by replication to the third, fourth
and fifth pleas. It does not appear from the abstract what
disposition was made of the sixth plea, except that a
demurrer thereto was interposed, and afterward it appears
to have been withdrawn, but without reply. No question,
however, was raised in the court below, or here, as to the
state of the pleadings in this regard. The cause was sub-
mitted to the court without a jury.

The evidence disclosed that soon after the execution of
this agreement, appellant's architect prepared plans and

Glover v. Clark.

specifications for a building on the lot in question, no actual work being done upon the premises, with the exception of surveying, until more than ninety days after the date of the contract. Appellee was invited to bid on the substructure; his bid was accepted, but he and the architects were unable to agree upon the terms of the contract to be entered into, appellee insisting that the terms of the contract submitted to him were unreasonable in that it required the work to be completed in so short a time as to necessitate working nights and Sundays, and imposing a penalty of $100 per day, in case of failure to complete. The contract was finally awarded to another person. It appears that the contract sued upon, as originally submitted to appellee for signature, was typewritten, but that before appellee placed his signature thereon, the last paragraph was written in longhand, by the attorney for appellant, at the dictation of appellee, after which the contract was signed. The paragraph here referred to as being in longhand, is the one numbered (for convenience) sixth, and it is as follows:

" And in case said Holabird & Roche shall, for any reason, think it better for Glover's interest not to let any contract to Clark & Findlay, then said Glover shall pay the $500 in full discharge hereof, and of any interest which Clark has in any profits in said investments."

The $500 stipulated in the contract has not been paid.

The court found the issues for appellee and assessed his damages at $500.

No propositions of law were submitted to the court.

From judgment upon the finding this appeal is prosecuted.

WM. SHERMAN CARSON, attorney for appellant.

GANN & PEAKS, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The only grounds urged by the learned counsel for appellant for a reversal of the judgment are:

1st.   The defendant did, within ninety days from July 16, 1892, proceed to build the building in the contract and declaration mentioned; and the court should have found the issue presented by the third plea in favor of defendant.

2d.   The finding should have been for the defendant on the fourth and fifth pleas, as the evidence shows that Clark & Findlay were accorded all the rights and privileges contemplated by the agreement of July 16, 1892.

3d.   The delay in commencing the actual construction of the building beyond the period of ninety days, was occasioned by the plaintiff.

4th.   This suit is in reality a suit to enforce a penalty, and under the evidence plaintiff was entitled to recover (if at all) only nominal damages.

The first, second and third of these contentions are all based upon pleas which set up as a defense that the building was actually commenced within the ninety days specified by the contract.   The evidence establishes the fact that the construction of the building was not begun until after the expiration of the ninety days, the excavation having been first commenced at least five or six days after the expiration of the ninety days.   We are of opinion that the trial court correctly found that the building was not commenced by appellant when surveys were made or bids received upon plans and specifications, or when certain brick contracted for by appellee was delivered.

The remaining contention is that the judgment obtained is in the nature of a recovery of a penalty, and that therefore the recovery can be sustained only for damages shown, and that none are shown, or for nominal damages. This contention invites us to ignore the fact that the agreement of July 16, 1892, was made upon a valid consideration moving from appellee to appellant, viz., the relinquishment of all of appellee's claim to an interest in a joint real estate venture.   The spirit and meaning of the agreement is just as expressed in the sixth clause, that if for any reason whatever appellee did not get the contract for the contemplated building, he was to be paid the $500, not as

a penalty for breach of the agreement, but as the consideration for relinquishing his interest in the joint venture. In other words, appellee sold his interest for $500, but agreed to waive the payment of it in the event that he took the building contract. No obligation is imposed upon appellee by the terms of the agreement to take the building contract upon terms specified or upon reasonable terms. He did not in fact get the contract, for what reason matters not, as expressed in the sixth clause of the agreement, and not having received the contract nor the $500, the learned trial court properly gave judgment for that amount. Some criticism might be made of the pleadings by which the issue was reached, but as substantial justice has been done, and as no other result could be properly had upon another trial, we are not disposed to reverse the judgment merely to allow the pleadings to be reformed. Upon the issue which was tendered and accepted, viz., that the appellant did not proceed to build within ninety days, the evidence sustains the recovery.

The judgment is affirmed.